## HAMED'S CASE.

*Surrogate's Court, New York County ; March,* 1857.

JUDGMENT.—DOCKETING.—PRIORITY.

In the distribution of estates in the Surrogate's Court, judgments against the decedent are entitled to preference in the order of their priority, notwithstanding that some of them have never been docketed in the clerk's office of the county. The preference given to judgments in the order of their dates is wholly independent of the question whether they are liens on the real estate or not; while the effect of docketing the judgment in the county clerk's office is only to make it such a lien.

Application to the surrogate to compel the payment by an administrator of a judgment against his intestate.

BRADFORD, S.—Joseph W. Trust recovered a judgment against the intestate in the Superior Court of the city of New York, on January 25, 1851. After the death of Mr. Hamed, the administrator caused a search to be made for transcripts of judgments filed in the office of the clerk of this county, and proceeded to pay the judgments certified in the return of the clerk, according to their date and order of priority. A transcript of the judgment recovered by Trust was not docketed in the office of the county clerk, and the administrator claims that, by reason of this neglect, the judgment creditor has lost his priority over the other judgments.

The statute gives preference to judgments recovered against the deceased in the third class of debts, in the following words : "judgments docketed and decrees enrolled against the deceased according to the priority thereof respectively." (2 *Rev. Stats.,* 87, §§ 28, 32.)

The docketing of judgments in courts of record was originally confined to their alphabetical arrangement in books kept by the clerk, according to the names of the parties, together with a summary statement of the amount and the date of entry in the docket. (2 *Rev. Stats.,* 361, §§ 12, 13.) Subsequently, the system was adopted of requiring transcripts of the original docket to be filed with the clerk of the county where the judgment was rendered, or of any other county, in order to become a lien on

lands within that county. (*Code*, § 282. Stevenson *v.* Weiser, 1 *Bradf. R.*, 343. 2 *Rev. Stats.*, 361, § 13. *Laws of* 1840, *ch.* 386, §§ 26–29.)

But the preference given by the Revised Statutes to judg-ments and decrees in the order of their respective dates had no reference to the question whether or not they were liens on real estate. The rule was derived from the common law, and applied to all judgments on the ground of their superior rank over specialty and simple contract debts. The application of the statute to decrees enrolled as well as to judgments docketed shows that no regard was had to liens on lands in this class of debts ; for decrees enrolled are not liens unless docketed, and the statute does not require them to be docketed in order to come in for a preference. (Ainslie *v.* Radcliff, 7 *Paige*, 439 ; Salter *v.* Neaville, 1 *Bradf. R.*, 488 ; Brown *v.* The Public Ad-ministrator, 2 *Ib.*, 103 ; Bemer *v.* Weisser, *Ib.*, 212). The docketing of judgments which existed at the time this statute was passed, and to which it referred, was simply a docketing by the clerk of the court. Subsequent enactments, which prescribed a docketing with the county clerk in order to make the judg-ment a lien upon real estate, have not dispensed with the docket by the clerk of the court rendering the judgment, nor modified its legal effects and consequences, in relation to the distribution of the estates of deceased persons.

If it be said that this rule exposes the executor or adminis-trator to the necessity of making searches in all the courts before he can make distribution within the year after the decedent's death, without peril, it may be answered that such was undoubt-edly the effect of the law at the time it was enacted, and before the modern plan of docketing judgments with the county clerk was adopted. If the advantage derived from the new system, in having some central point of concentration of judgment liens, ought to be extended to the legal representatives of deceased persons, that may be accomplished by legislative action ; but as the law now stands there certainly is danger in paying judg-ment or simple contract debts within the year, if the estate be insolvent. It must be remembered, however, that it is in the power of the executor or administrator to protect himself by an advertisement for claims ; which, when duly made, will author-ize distribution of the estate, without personal risk to respond for

judgment claims, or any other demands which have not been presented under the advertisement and before distribution. I can discover, therefore, no reason for excluding a judgment docketed by the clerk of the court in which it was recovered, although not docketed with the county clerk, from its due priority as secured and prescribed by the statute.